UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IAN HARRIS,

                    Petitioner,

      -against-                                1:96-CV-1913
                                                  (LEK)

UNITED STATES OF AMERICA,

                    Respondent.

---

**DECISION AND ORDER**

Before this Court is a Motion by Ian Harris ("Petitioner"), pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure*, provisions (4) and (5), to reconsider its February, 2005 Order denying his previous Motion for reconsideration.  Dkt. No. 51.  For the following reasons, the motion is denied.

## I.     BACKGROUND

On February 24, 2005, this Court denied Petitioner's motion pursuant to *Federal Rule of Civil Procedure* 60(b)(4) and (5) seeking to reopen his habeas proceeding under 28 U.S.C. § 2255.  Mem.-Dec. and Order (Dkt. No. 51).  The relevant factual history of this case is set forth in the Court's earlier decision.  Petitioner again seeks to attack his underlying conviction, and not the integrity of this Court's prior Order.  See Pet. Memo. (Dkt. No. 51) at 2.  In addition, Petitioner again contends that his conviction under 18 U.S.C. § 924(c)(1) is impermissible because the underlying crime of conspiracy was unlawfully charged.  Pet. Supp. Memo. (Dkt. No. 59) at 2.

1

## II.  DISCUSSION

### A.  *Distinguishing a Rule 60(b) and a 28 U.S.C. § 2255 Petition*

Motions made pursuant to Rule 60(b) seeking relief from previous habeas proceedings must attack the integrity of that proceeding and not the underlying criminal conviction. See Harris v. United States, 367 F.3d 74, 77 (2d Cir. 2004). If a motion relates to the integrity of the criminal trial and not the prior habeas proceeding, the motion is in actuality a § 2255 petition and must meet the criteria set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[1]. Gitten v. United States, 311 F.3d 529, 533 (2d Cir. 2002). AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. See 28 U.S.C. 28 U.S.C. § 2244(b)(3)(A), § 2255. Without authorization, the district court lacks jurisdiction to consider a second or successive petition. See Corrao v. United States, 152 F.3d 188, 190 (2d Cir. 1998).

In Gitten, 311 F.3d at 530, the Second Circuit Court of Appeals noted that a district court "has some flexibility in handling" a motion for reconsideration under Rule 60(b), but cautioned that the court "must be careful not to precipitously treat a Rule 60(b) motion as a second collateral attack requiring referral to [the Court of Appeals] to discharge its 'gatekeeping' function under 28 U.S.C. § 2244 concerning successive applications for habeas corpus." Gitten, 311 F.3d at 530. If Petitioner's claim attacks the underlying conviction and not the prior habeas proceeding, case law dictates that the district court may not recharacterize the motion as a second

---

[1] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

or successive collateral attack and transfer it to the court of appeals for possible authorization

without informing the prisoner and affording a sufficient opportunity to avoid the transfer.

Gitten, 311 F.3d at 534.  The court may simply deny the motion attacking the underlying

conviction "as beyond the scope of Rule 60(b)."  Id.

>   B.      Analysis of Petitioner's Claims

Petitioner has again asserted that his conviction should be vacated in light of the Supreme

Court's decision in Bailey v. United States, 516 U.S. 137 (1995).  See Pet. Memo. (Dkt. No. 51)

at 2.  A review of Petitioner's claims again makes clear that he is attacking the underlying

conviction, and not the integrity of the prior Order.  As a result, Petitioner's claims are in reality

a second or successive habeas petition "parading as" a Rule 60(b) motion.  See Parke v. United

States, 97-CV-526 (NPM), 2004 U.S. Dist. LEXIS 2202, at *12 (N.D.N.Y. Feb. 17, 2004)

(McCurn, Senior D.J.).  Rule 60(b) does not provide an alternative vehicle for a federal prisoner

to collaterally challenge his conviction and sentence when, as here, the prisoner has failed to

satisfy the procedural requirements of 28 U.S.C. § 2255 and relief under Rule 60(b) must be

denied.  If Petitioner wishes to have the substance of his challenges considered, he needs to gain

the authorization of the Second Circuit Court of Appeals to file a motion for leave to file a

second or successive § 2255 petition.

Petitioner also alleges again that the 120-month sentence imposed on him for his

§ 924(c)(1) conviction is illegal and unconstitutional.  Pet. Supp. Memo (Dkt. No. 59) at 2.

Petitioner contends that in his prior § 2255 proceeding, this Court mistakenly concluded that the

3

trial court had instructed the jury concerning possible <u>Pinkerton</u>[2] liability concerning Count 19,

which accused Petitioner of a firearms violation under 18 U.S.C. § 924(c)(1).  <u>Id.</u> Petitioner

alleges that the jury was not so instructed, and without a <u>Pinkerton</u> instruction, there is

insufficient evidence to sustain his conviction.  <u>Id.</u>  This Court held in its prior Order that to the

extent that Petitioner is claiming error and therefore attacking the integrity of the habeas

proceeding, relief is not warranted since Petitioner has failed to meet the criteria under Rule

60(b)(4) or (b)(5).  Mem.-Dec. and Order (Dkt. No. 51) at 7-8.

Moreover, the Court noted in its previous Order that while Rule 60(b)(1) may have been

the appropriate grounds for Petitioner's Motion, such a motion may only be brought within one

year after the judgment was entered.  FED R. CIV. P. 60(b).  <u>Id.</u> at 8.  Since Petitioner filed this

Motion over five years after the entry of judgment, his motion remains untimely.

### III.    CONCLUSION

The Court denies the Motion attacking the underlying conviction "as beyond the scope of

Rule 60(b)."  <u>See</u> <u>Gitten</u>, 311 F.3d at 534.  To the extent that Petitioner's Motion pursuant to

Rule 60(b) is attacking the integrity of the prior § 2255 proceeding, relief is denied as untimely.

Accordingly, it is hereby

**ORDERED** that Petitioner's Motion for Reconsideration (Dkt. No. 51) is **DENIED**; and

it is further

---

[2] A <u>Pinkerton</u> theory of liability allows a jury to find a violation of § 924(c)(1) if it was
reasonably foreseeable to the defendant that a co-conspirator would personally commit the violation
in furtherance of the conspiracy charged.  <u>See</u> <u>Pinkerton v. United States</u>, 328 U.S. 640, 646-48
(1946).

**ORDERED** that the Clerk of the Court shall serve copies of this order by regular mail upon the parties to this action.

IT IS SO ORDERED.

DATED:       November 29, 2006
             Albany, New York


_____
Lawrence E. Kahn
U.S. District Judge